IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. MJG-15-0322 |
| MATTHEW JERMAINE HIGHTOWER | : | |

...oooOooo...

## MOTION FOR CONTINUANCE OF TRIAL AND FOR TOLLING UNDER THE SPEEDY TRIAL ACT, 18 U.S.C. §3161

Comes now the United States of America, by and through undersigned counsel, and respectfully moves for an Order continuing the March 6, 2017 trial date in the above-captioned matter and excluding time under the Speedy Trial Act through the rescheduled trial date. Through counsel, defendant Matthew Hightower, objects to the requested continuance.

1. Hightower is a criminal defendant in two separate matters pending before the Court, each pending under the captioned case. This fact alone is unusual. Though indicted as one case charging health care fraud and extortion/murder, Hightower moved for severance of the health care fraud counts from the extortion/murder counts on May 20, 2016 (ECF 128). The Court granted the motion, severed the counts and scheduled two separate trials for Hightower (and his co-defendants) following a motions hearing in June 2016 (ECF 140). Various schedules were set by counsel for the three co-defendants and the Court at that time (ECF 141 and 142).

2. The first matter (hereinafter "Hightower One") is pending appeal after a jury convicted Hightower of extortion resulting in the murder of David Wutoh. Hightower was sentenced to 32 years imprisonment by this Court on November 30, 2016. The second matter (hereinafter "Hightower Two"), about which this Motion pertains, is scheduled for trial on March 6, 2017. The allegations in Hightower Two involve Hightower's role as a driver for a company that engaged in

1

extensive health care fraud particularly reference billing Medicaid for incontinence supplies. The owner of the company, Harry Crawford, has since pled guilty and is pending sentencing. Similarly, the medical biller, co-defendant Elma Myles, has also pled guilty and is pending sentencing on February 22, 2017.

3. Since December 2016, the parties have tried unsuccessfully to resolve the health care fraud case short of trial. On December 14, 2016, the Hightower filed a motion/correspondence with the Court asking for new counsel for the second trial (Hightower Two) and for his appeal (Hightower One). That request remains pending. Nevertheless, the plea negotiations continued through Monday January 30, 2017, when the government's plea offer was rejected.

4. Subject to numerous exceptions, the "speedy trial clock" requires that, in any case in which a plea of not guilty is entered, the trial of a defendant charged in an indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. Per order of the Court (ECF 50), the speedy trial clock is currently tolled through March 6, 2017 (the trial date scheduled by the Court with counsel for Hightower. The government is now seeking a continuance of the March 6, 2017 trial date and a further tolling, as discussed more fully below and for the reasons set forth herein, through the conclusion of the direct appeal on Hightower One.

5. There are several exclusions in the Speedy Trial Act which permits tolling for the period requested.

6. First, Section 3161(h)(9) specifically excludes from the time requirements any period of delay resulting from a continuance granted at the request of the government, if the judge finds that the ends of justice are served by the granting of the continuance outweigh the best interests of the

public and the defendant in a speedy trial.  It is clearly in the best interest of the public and the defendant to postpone the health care fraud trial.  In this regard, the government has indicated to the court and defense counsel that it does not intend to proceed with Hightower Two if the conviction <u>and</u> 32 year sentence in Hightower One is upheld on appeal.  Obviously this is because Hightower would already be serving a significant period of incarceration and there would be no strong public interest served by an expensive second trial at which numerous lay witnesses would be called to testify.  Given the nature of the evidence which includes a recorded jail call where Hightower admits to the scheme[1] and a billing analysis based on the claims submitted and the inventory purchased that proves items were billed by Hightower's company for items that were not delivered, the strength of the evidence would not dissipate with time.  Similarly, and perhaps most important, the government contends that a continuance would not prejudice Hightower, who is already incarcerated and already seeking a change in counsel (a request he has repeated at several times throughout the proceedings).  If the Court was inclined to appoint new counsel, given the complexities of the charges, he or she would not most likely be ready for trial by March 6 in any event.

7.    A second tolling exclusion also arguably applies.  The speedy trial clock excludes "any period of delay resulting from any proceedings concerning the defendant, **including but not limited to**….delay resulting from trial with respect to other charges against the defendant."  18 U.S.C. § 3161(h)(1)(B).   Though the trial has concluded, there is a viable argument that the continuance requested for the conclusion of the direct appeal is within the spirit of the statutory

---

[1] Hightower described the scheme in a jail call with a friend on April 15, 2013: "Like they gotta sign a delivery ticket . . . I scribble a signature on there and put it in the system and close it out and all that and we get billed for it and we didn't take them nothing, you know what I'm saying. We get paid for free. [Another employee] gonna tell me I don't think you should be doing that. That's wrong. Because she don't like the company. I'm like man I'm not going through all that man like I did it. You know what I'm saying. **So this fraud is on my part**." (emphasis supplied).

3

exclusions and the language "including but not limited to"[2] and is actually part of the trial process. In *United States v. Lopez-Espindola*, 632 F.2d 107, 110 (9th Cir. 1980), the Court analyzed the language "delay resulting from trial with respect to other charges against the defendant." The Court expressly found that this provision "does not limit the time to only that period during which the defendant is in court for jury selection, testimony of witnesses, arguments to the jury, return of verdict, etc." *Id.* The Court reasoned that "Anyone familiar with trial practice is aware of the fact that 'delay resulting from trial' not only involves the trial itself but also the period of time utilized in making necessary preparation for trial. The same argument can be made reference post trial proceedings and direct appeal which are an integral part of any federal trial.

8. The Court in *Lopez-Espindola* concluded it was within "the sound discretion of the trial court judge to determine that period of delay resulting from trial with respect to other charges" was not improper. *Id; see also United States v. Drake, 543 F.3d 1080, 1087 (9th Cir. 2008)* ("We have previously held that "[t]his provision encompasses not only ... the trial itself but also the period of time utilized in making necessary preparations for trial.")

9. The government is not asking for an unlimited continuance here. Many of the transcripts have been completed from the Hightower One trial and a briefing order is imminent. Because of the pending appeal, the government submits that a continuance through any decision and mandate issued by the Fourth Circuit in Hightower One is a reasonable one and the proffered grounds outweigh the best interests of the public and the defendant in a trial that is currently scheduled for March 6, 2017. 18 U.S.C. § 3161(h)(7)(A). Seventy days from the date of any mandate seems

---

[2] As an initial matter, the express language of section 3161(h)(1) provides, and case law recognizes, that excludable delay is not limited to the proceedings listed in section 3161(h)(1). *See United States v. O'Bryant*, 775 F.2d 1528, 1532 (11th Cir.1985). The fact that there is not a specific proceeding listed in section 3161(h)(1) identical to the one in this case to delay this trial through the conclusion of the appeal would not end the analysis. *United States v. Gaffney*, 689 F. Supp. 1578, 1580 (M.D. Fla. 1988)

4

eminently reasonable here particularly given the government's representations that Hightower Two would be dismissed if the conviction and sentence is upheld in Hightower One.

10. For the foregoing reasons, the government respectfully requests this Court to find that the Speedy Trial clock should be tolled through conclusion of the appellate proceedings and the issuance of a mandate in Hightower One (currently bearing Appeal No 17-4796). The government respectfully suggests that the Court hold conference within three (3) business days of the mandate issuance for purposes of status and, if necessary, scheduling.

11. A proposed Order is attached for the Court's consideration.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

By: /s/ _____

Sandra Wilkinson
Aaron S.J. Zelinsky
Assistant United States Attorneys
United States Attorney's Office
for the District of Maryland
36 S. Charles Street, 4th Floor
Baltimore, Maryland 21201