UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

MATTHEW HIGHTOWER

    Movant

Vs.

UNITED STATES OF AMERICA

    Respondent

Criminal No. MJG-15-322

Civil No. GJH-19-1719

## MATTHEW HIGHTOWER'S REPLY TO THE GOVERNMENT'S OPPOSITION TO SECTION 2255 RELIEF

COMES NOW, Matthew Hightower, Pro Se, and files this Reply to the Government's opposition to relief from judgment under 28 U.S.C. §2255. For the reasons that follow, Mr. Hightower respectfully asks that the motion for relief from judgment be granted.

Mr. Hightower filed a motion for Section 2255 relief alleging, as grounds, multiple claims of ineffective assistance of counsel; namely, that counsel was ineffective for (1) failing to properly object to the application of the second-degree murder cross reference; (2) failing to object at sentencing to the testimony of Detective Serrano on the ground that the testimony was not relevant conduct within the meaning of USSG 1B1.3; (3) failing to investigate and correct factual inaccuracies related to MVA records; (4) stipulating to a discovery agreement that deprived Mr. Hightower of his right to effectively participate in his own defense; (5) failing to object to the prosecutor's repeated instances of misconduct; (6) failing to subpoena and obtain correct T-Mobile cell phone records; (7) cumulative errors of substandard assistance that prejudiced the offense; and (8) the denial of effective assistance of counsel on appeal. See ECF 547.

The Government filed a response in opposition to the motion, alleging that the motion is without merit and that it should be denied. *See* ECF 550. Remarkably, the government does not address the substance of several of Mr. Hightower's claims, and, instead, offers conjecture and conclusory argument. Further, in what can only be reasonably described as bad faith, the Government complains that it will not address the substance of the memorandum of law filed in support of the Section 2255 motion, alleging that the memorandum contains "additional (unfounded) factual assertions[...]." ECF 550 at 2 n.2.

Aside from the obvious fact that the original Section 2255 motion filed by Mr. Hightower expressly noted, that a "Memorandum of Law and Facts" were to follow, ECF 547, the law does not require that the 2255 motion form include argument, *Meta v. Felker*, No. cv 08-2122-PA (AGR), 2008 U.S. Dist. LEXIS 106477, at 5 n.1 (C.D. Cal. Dec. 10, 2008), and it explicitly requires only a "summariz[ation]" of the facts. *See Conley v. Gibson*, 355 U.S. 41, 47 (1957) (a civil pleading need only provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests").1 Indeed, the Government does not complain that they are in some way prejudiced by Mr. Hightower's filings or that his pleadings are not clear to discern. Thus, the Government should have responded to Mr. Hightower's submissions as ordered by the Court.

### I. Based on the Files and Pleadings, Mr. Hightower is Entitled to Relief

Turning to the substance of the Government's response, at every turn, their submission is conclusory, unsupported by any case authority, and is inconsistent with the record. First, in response to Mr. Hightower's claim that he was denied effective representation because his counsel failed to properly object to the **second-degree murder** cross reference, the Government argues that Mr.

---

1 *See Nelson v. Holmes*, 2013 U.S. Dist. LEXIS 62711, at 1 n.1 (D.N.J. May 2, 2013) ("An unduly lengthy submission violates Habeas Rule 2").

2

Hightower's counsel was not ineffective because he vigorously argued "against a cross reference for *first degree* murder." ECF 550 at 5 (italics added). Therein lies the rub. The Government is making an argument that Mr. Hightower did not. As argued in previous pleadings, ECF 547, 549, counsel should have argued against the application of the second-degree murder cross reference on the ground that, under Maryland law, second-degree murder requires a specific "intent to kill," *Banks v. State*, 92 Md. App. 422, 439 (1992), which the district court expressly found that Mr. Hightower did not possess, ECF 418 at 94, and of which the Government does not dispute.

The Government's response simply fails to address this contention, and it is thus waived and left for the Court to decide.[2] *See United States v. Nee*, 261 F.3d 79, 86 (1st Cir. 2001) (holding that, by failing to raise it to the district court, the Government waived its argument that the subjective intent of the officers was irrelevant for establishing probable cause); *United States v. 22249 Dolorosa Street*, 167 F.3d 509, 512 (9th Cir. 1999) (holding that the government waived its argument that the defendant did not have standing to challenge a search when it failed to raise that argument to the district court); *United States v. Gonzales*, 79 F.3d 413, 419 (5th Cir. 1996) (holding that the government waived its argument when it was put on notice that the defendant would claim a privacy interest).

Next, the Government argues that counsel was not ineffective for "failing to object at sentencing to the testimony of Detective Serrano" on the ground that his testimony was not relevant conduct. ECF 550 at 5. The basis of their argument, however, is perplexing. They argue, in stark contrast to the record, that Mr. Hightower "provides no information to further the assertion that

---

[2] We do not disagree that counsel was correct in arguing against the application of a first-degree murder cross reference, but our argument here is that neither applied.

3

[Detective Serrano's testimony] does not qualify as relevant conduct." *Id.* Our argument is clear. Detective Serrano's testimony, which implicated Mr. Hightower in a years old shooting, was not relevant conduct because that alleged conduct was (1) not part of the "same course of conduct or common scheme or plan as the offense of conviction," USSG §1B1.3(a)(2); and (2) had no "temporal proximity between the offense of conviction and the uncharged conduct." *United States v. Amedeo*, 370 F.3d 1305, 1314 (11th Cir. 2004); *see also United States v. Collins*, 754 F.3d 626, 632 (8th Cir. 2014) (district court erred in applying six level increase where conduct was not relevant within the meaning of 1B1.3).

The Government, fearing that Mr. Hightower has the better of the argument, suggests that "there is no evidence that the judge used Detective Serrano's testimony" at sentencing. *Id.* at 5-6. But this is a straw argument. The Government's purpose in eliciting Mr. Serrano's testimony was clearly to impart upon the court that Mr. Hightower had a predilection to commit violent acts. This, in turn, would help guide the court regarding whether Mr. Hightower possessed the wherewithal to shoot Mr. Wutoh. No other information was offered from the Government, besides Mr. Serrano's testimony, that tended to show that Mr. Hightower was predisposed to violence. Now, faced with the question presented, the Government says that there is nothing to see here, and that Mr. Serrano's testimony had no purpose at all, and was but for show. "Facts are stubborn things," David McCullough, John Adams 68 (Boston Massacre Trials) (2001), and the court should find the Government's argument as dubious as it is unavailing.

## MVA RECORDS

One of counsel's basic duties when representing a client is to conduct adequate research. *See Strickland v. Washington*, 466 U.S. 668, 691 (1984). That did not happen here. The Government argues that Mr. Hightower has it all wrong and that counsel cannot be ineffective for "not producing

nonexistent evidence." ECF 550 at 4. But as we argued at length in the Memorandum of Law, ECF 549, the Government's case hinged on its theory that Mr. Hightower purchased a vehicle from Ms. Zantia Jones, on the afternoon of September 21, 2013, and that he asked Ms. Jones to allow him to keep her tags that were on the vehicle – overnight, so that he could murder Mr. Wutoh, which conveniently occurred on the following morning, September 22, 2013. None of the Government's argument addresses this concern. Accordingly, Mr. Hightower rests his argument of the pleadings already filed.

**T-MOBILE RECORDS**

Mr. Hightower was denied his right to the effective assistance of counsel where his trial counsel failed to subpoena and obtain correct T-Mobile cell phone records. *See Washington v. Smith*, 219 F.3d 620, 629 (7th Cir. 2000) (counsel ineffective for failing to subpoena witness); *Young v. Washington*, 747 F. Supp. 2d 1213, (W.D. Wash. 2010) (same). The Government sees it differently, and argues that "neither the record nor Defendant himself provide evidence that there was any deficiency in T-Mobile's cellphone records." *Id.* at 4. This argument completely ignores Mr. Hightower's argument. The fact remains that Mr. Bardos failed to obtain correct T-Mobile records, even after being informed that they were incorrect by Mr. Hightower.

Obtaining the correct T-Mobile records would have been simple if Mr. Bardos had conducted even a minimal amount of investigation. Clearly, in 2013 (during the time of the charged offenses), Mr. Hightower's cell phone number (443-983-1240), belonged to T-Mobile, and not Verizon, and was assigned account #826903444. Further, T-Mobile's response to the subpoena asserting that data on pre-paid account cell phone numbers are only stored for 24 months was not response to Mr. Bardos's subpoena because Mr. Hightower did not have a pre-paid account, which he informed Mr. Bardos of. Of significance, is that Mr. Hightower actually received call records for

(443-983-1240) nearly 60 months later in 2018, which were provided by T-Mobile. (*Exhibit* 1). As argued in the memorandum of law, ECF 549 at 20, these calls records would have clearly rebutted the Government's theory regarding Mr. Hightower's whereabouts on the night of (and day prior to) Mr. Wutoh's death. The error here was significant, not trial strategy, and demonstrably prejudiced the defense.

**PROSECUTORIAL MISCONDUCT**

Mr. Hightower argues that counsel was ineffective for failing to object to the prosecutor's repeated instances of misconduct. Here, as with Mr. Hightower's other arguments, the Government has refused in any substantive way to address Mr. Hightower's contentions. They argue, in stark contrast to the record, that "there is no evidence" to support the allegation that any witnesses; namely, Ms. Zantia Jones and Special Agent Holiday, testified falsely. ECF 550 at 4. But they do not explain away any of Mr. Hightower's contentions. We argued and explained multiple instances of prosecutor misconduct, relating to facts and evidence, see ECF 549 at 17-19, and will not rehash them here since the Government has decided not to address them. But the evidence of incorrect facts and false testimony by Government witnesses is replete in the record.

For instance, Agent Wilde testified that on September 21, 2013, in the hours leading up to Mr. Wutoh's death, that Mr. Hightower had a total of 16 cell phone calls to (443-983-1240) (identified in Government's **Exhibit 50**). Nothing could be further from the truth, and as T-Mobile records show, Mr. Hightower only had four. (*Exhibit* 1). We also explained how the Government falsely led the jury to believe that Mr. Hightower extortionately increased the loan that he made to Mr. Wutoh from $9,000 to $12,000, even after Agent Holiday was called back to the stand by the defense, and he admitted that the text message from August 2, 2013 at 9:44 pm, was not from Mr.

Hightower and had nothing to do with an extortionate increase in the loan to Mr. Wutoh. ECF 452 at 1.

Despite this concession, the prosecutor repeated this fallacy in opening and closing argument, and by Exhibit 40. *See* ECF 447 at 50; ECF 452 at 1335-36. Absent the false testimony by Ms. Jones, and the erroneous factual details testified to by Agent Wilde and Holiday, the likelihood of conviction is gravely in doubt. Cf. *United States v. Cargill*, 17 Fed. Appx. 214, 231 (4th Cir. 2001); *see also Berger v. United States*, 295 U.S. 78, 88 (1935) (Prosecutor has a "duty to refrain from improper methods calculated to produce a wrongful conviction"); Mr. Hightower requests a hearing on the matter, and that counsel be appointed to more fully flesh out the gravity and extend, of the argument.

## INEFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL

Mr. Hightower was denied his right to the effective assistance of appellate counsel because counsel failed to argue that (1) Mr. Hightower's sentence was substantively unreasonable, (2) the district court erred in denying the motion to dismiss count-two of the indictment (Extortion, 18 USC 1952), and to suppress statements, ECF 549 at 11. The Government argues that Mr. Hightower "has presented no example of why these decisions are in error." ECF 550 at 6. Again, the Government's argument is a conclusory, boilerplate denial that does not address the substance of Mr. Hightower's claims.

As we argued previously, ECF 549 at 11, Mr. Hightower's sentence on count-one is substantively unreasonable, and would have been successful on appeal because the district court imposed the maximum penalty of 20 years, without factual finding or explanation, even though Mr. Hightower's guidelines range was 121-151 months. And, contrary to the Government's perfunctory assertion, ECF 550 at 7, Mr. Hightower identified, though he was not required, the applicable

7

standard which governs an appellate court's review for substantive unreasonableness, *see* ECF 549 at 11-13.

Further, Mr. Hightower clearly identified why the district court's decision to deny Mr. Hightower's motion to dismiss count-two was in error (ECF 549 at 13-14), and such argument was substantially delineated in Mr. Hightower's motion to dismiss, *see* ECF 164. To be clear, the district court erred in denying the motion because count-two (extortion) "fails to state a crime." ECF 549 at 14. This issue should have been raised on appeal, and had a better than even chance of prevailing, if not more.

Instead of addressing the issue, the Government has abandoned the question – as it did before the district court, *see* ECF 231 at 18. Clearly, this is an issue that the Government wishes would simply go away. The Court should see through the Government's stonewalling and evasiveness, and address the merits of Mr. Hightower's argument.

## CUMULATIVE ERRORS PREJUDICED THE DEFENSE

Last, Mr. Hightower argues that counsel's cumulative errors prejudiced the defense. In support, Mr. Hightower argues that each of his claims together, demonstrate substantial prejudice to his defense, and that "grave doubt" should exist as to the fairness of Mr. Hightower's trial. *See O'Neal v. McAninch*, 513 U.S. 432, 437-38 (1995). The Government argues here, as before, that there is no evidence provided that "any of the claimed conduct prejudiced" the defense. ECF 550 at 7-8. For brevity, Mr. Hightower relies on the pleadings filed in support of this claim, as the issue has been fully elaborated on, and the Court is in the best position to evaluate the merit of the claims.

## CONCLUSION

For all of the foregoing reasons, and those previously made, Mr. Hightower respectfully asks that:

- The motion be granted;
- A hearing be granted;
- That counsel be appointed; and
- Such other relief that the court deems appropriate.

Respectfully submitted,

_____
Matthew Hightower #40293-037
FCI Hazleton
P.O. Box 500
Bruceton Mills, WV 26525

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, under penalty of perjury, that on this 7th day of October, 2019, I mailed a copy of the foregoing Reply to the Government's Response, to the Office of the U.S. Attorney, Aaron S.J. Zelinsky, AUSA, 36 S. Charles Street, Baltimore, MD 21201.

_____
Matthew Hightower
*Pro Se*