UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Northern Division

_____ FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

JUL 1 2 2021

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
ʊʏ                                    DEPUTY

| | |
|---|---|
| MATTHEW HIGHTOWER,<br>        Petitioner,<br><br>        v.<br><br>UNITED STATES OF AMERICA,<br>                Respondent. | Criminal No. GJH-15-322<br>MJG-15-322<br>Civil No. GJH-19-1719 |

## LIBERAL CONSTRUCTION STANDARD

Comes now Matthew Hightower, hereinafter referred to as petitioner, proceeding pro se and prays this Honorable Court apply liberal construction to the instant action as afforded all pro se litigants/inmates.  (Haines v. Kerner, 404 U.S. 519 (1972)).

## JURISDICTIONAL STATEMENT

This Honorable Court has jurisdiction to entertain the instant filing and same is brought pursuant to Rule 15(c) of the Federal Rules of Civil Procedure.  Said filing is a supplement to petitioner's timely filed 28 U.S.C. § 2255 motion and accompanying memorandum of law that is now pending before this Honorable Court.

## SUPPLEMENTAL ARGUMENT/SUPPORTING EVIDENCE

This Honorable Court's and the parties' familiarity with the case and filing procedures is assumed and therefore petitioner will proceed directly to his purpose for bringing the instant filing.

On April 28, 2021, this Honorable Court decided United States v. Crawford, Criminal Case Number GJH-15-322, Civil Action GJH-19-2880.  In that decision and relevant to petitioner's instant filing, this Honorable Court ruled and opined

in relevant part, that "The guideline does not contemplate a cross-reference from § 2E2.1 to § 2A1.2 for Second Degree Murder and a base offense level of 38, although that is what Judge Garbis did in this case." (See footnote to this Honorable Court's ruling in the Crawford decision at #4). Also in its ruling granting Crawford's, Id., § 2255 motion, this Honorable Court stated, "Judge Garbis, nonetheless, appears to have applied 2A1.2 and started with a base offense level of 38. ECF No. 479 at 67. Notwithstanding the enormous repsect and admiration this Court has for its now retired colleague, this was likely an inaccurate application of the guidelines." See United States v. Crawford, Crim. Case No. GJH-15-322(D. Md. Apr. 28, 2021.

As this Honorable Court is aware, petitioner's issue in Ground One of his Application for Writ of Habeas Corpus and Incorporated Memorandum of Law is that petitioner's counsel was ineffective for failing to object to the application of the cross-reference to second degree murder. According to this Honorable Court's opinion in the Crawford, supra, petitioner is correct in his contention that his attorney was ineffective for not objecting to the Court's application of the cross-reference to second degree murder. As such, Ground One, as well as the supporting argument raised and the herein raised supporting evidence/argument has merit and this Honorable Court's ruling in the Crawford decision regarding same supports petitioner's claim.

## CONCLUSION

In light of this Honorable Court's ruling as cited herein above in petitioner's codefendant's case regarding the application of the cross-reference to second-degree murder, petitioner asks that this Honorable Court adopt and apply the same ruling to petitioner's case/Ground One as raised in his timely filed § 2255 motion.

As this Honorable Court ruled in the Crawford decision, the "Sixth Amendment remedies should be 'tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests,'" Lafler, 566 U.S.

at 170 (quoting <u>United States v. Morrison</u>, 449 U.S. 361, 364 (1981)).  The remedy must "neutralize the taint of a constitutional violation[.]" Id.  "Thus, for the purpose of this motion, Mr. Crawford received ineffective assistance of counsel and will be placed back in the position he was in when the ineffectiveness occurred," <u>Crawford</u>, supra.

Petitioner is thus asking this Honorable Court to vacate his conviction and sentence based on the herein foregoing in its entirety and place him back in the position he occupied before the wrongs complained of existed.

And/or any relief the law and justice require.

Dated this _8th_ day of July, 2021.

I, Matthew Hightower, swear under penalty of perjury by the laws of the United States of America that the herein foregoing is true and correct to the best of my knowledge and belief.  (28 U.S.C. § 1746)

Respectfully Submitted,

/s/ _Matthew Hightower_
Matthew Hightower
Petitioner - Pro Se

## CERTIFICATE OF SERVICE

I, Matthew Hightower, swear under penalty of perjury by the laws of the United States of America that I caused to be sent a true and correct copy of the herein foregoing and attached, by placing same in the institution's mailbox/mail system, with first class postage prepaid on July _9th_, 2021, to:

Judson T. Mihok
Assistant U.S. Attorney
United States Attorney's Office
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201

/s/ _Matthew Hightower_
Matthew Hightower